# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| **Providence Health Plan,** | ) | |
| | ) | |
| Plaintiff, | ) | 3:14-cv-79 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| **Asiasiga Manogiamanu, and** | ) | [Re: Motion at docket 92] |
| **Theodore Stepovich,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 92, plaintiff Providence Health Plan ("the Plan") moves for reconsideration of the court's order at docket 91 which dismissed this case without prejudice. The court requested responses from defendants. Defendant Stepovich's response is at docket 94. Defendant Manogiamanu's response is at docket 95. The motion is now ripe for decision.

## II. BACKGROUND

The court issued an order at docket 89 which required counsel to meet within 21 days, and then within 28 days to file a scheduling and planning report. This type of order is contemplated by Fed. R. Civ. P. 26(f) and is routinely issued in civil litigation in federal court. The Plan's lawyer should not have been surprised by the order nor

should she have considered it merely hortatory.  The time for filing the report ran in early March, but the report was not filed.

At docket 88, the Plan advised that as of January 13, 2017, settlement discussions were on-going with defendant Manogiamanu and dismissal of that defendant was anticipated within two weeks, which would have been near the end of January.  The order at docket 89 was filed on February 5, 2017, and explicitly stated that if the parties were actively engaged in settlement negotiations at that time, plaintiff must advise the court of that fact within 7 days.  The Plan gave the court no notice that settlement discussions were still underway.

In light of the Plan's failure to comply with the order at docket 89, the court issued an order on March 29, 2017, which directed the Plan to show cause within 7 days why the case should not be dismissed for failure to comply with the order at docket 89.  The Plan did not respond.  The court dismissed the case without prejudice in an order filed at docket 91 for failure to comply with the order at docket 90.

## III.  DISCUSSION

The motion at docket 92 asks the court to reconsider the order at docket 91, or in the alternative for relief pursuant to Fed. R. Civ. P. 60(b).  Rule 59(e) authorizes a district court to reconsider a previous order.  However, Ninth Circuit case law explains that reconsideration is an extraordinary remedy which should be used sparingly, and that motions for reconsideration should ordinarily be granted only where "the district court is presented with newly discovered evidence, committed clear error, or if there is+

an intervening change in the controlling law."[1]  Another basis for granting a motion for reconsideration recognized in the Ninth Circuit arises where the initial decision is manifestly unjust.[2]

The motion at docket 92 does not present the court with newly discovered evidence.  The explanation for the Plan's failure to comply with the order requiring a planning and scheduling report was available at the time the Plan failed to comply with the order to show cause.  The motion at docket 92 does not explain how the court committed clear error.  There has been no intervening change in the controlling law.  It is not manifestly unjust to require a party to abide by the court's orders.

The Plan's motion refers generally to relief pursuant to Fed. R. Civ. P. 60(b), but does not articulate which of the several grounds recognized in section (b) the Plan relies upon.  However, it is clear that the Plan cannot be relying on subsections (2), (3), (4) or (5).  That leaves subsection (1) which applies to "mistake, inadvertence, surprise, or excusable neglect," and the catchall subdivision (6) which applies to "any other reason which justifies relief."  The reasons given in support of the request in the motion at docket 92 show that the Plan is relying on subsection (1).

The record here does not support the proposition that there was some mistake, inadvertence, or surprise which caused the Plan to ignore the court's orders.  Rather, the Plan's arguments show that it is relying on excusable neglect.  In assessing whether neglect is excusable, the court must take several factors into account, including: "(1) the

---

[1] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[2] *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

3

danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.[3] The court will first address factor (3).

One excuse offered for neglecting the court's orders is that the existence of on-going settlement negotiations with defendant Stepovich warranted putting off responding to the court's orders. This is untenable because the order at docket 89 explicitly directed the Plan to advise the court if settlement negotiations were underway, and the Plan did not do so.

A second excuse offered for neglecting the court's orders is that the Plan's lawyer was traveling from March 30 thru April 6, 2017, which somehow caused her to "miscount[] the date for filing a response to the court's March 29, 2017 order [i.e. the order at docket 90], thinking that it was due April 7, 2017."[4] It is not apparent to the court why a lawyer's ability to count is diminished by traveling, and the Plan's lawyer does not provide any explanation. This excuse is also untenable.

The third excuse offered is that counsel was having trouble filing on the court's CM/ECF filing system. However, it appears from the motion papers that when counsel did decide to file the motion at docket 92, she received assistance from the Clerk's staff which allowed her, albeit with some effort, to file the motion on the same day it was written. Again, the excuse is not tenable.

---

[3]*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[4]Doc. 92 at 3.

4

Assuming, for the sake of argument, that the three excuses offered add up to an adequate reason for not responding to the order at docket 90, the court cannot state the same with regard to the failure to respond to the order at docket 89.  The only cause which could have been shown was counsel's unilateral determination to ignore the need to file the report until after negotiations with defendant Stepovich had proceeded further.  Yet, as noted above, the order at docket 89 expressly required the Plan to advise the court if there were on-going settlement efforts.  In other words, even if the Plan can explain its failure to timely comply with the order at docket 90, the Plan provides no reason for failing to comply with the order at docket 89.  The third factor weighs heavily against granting Rule 60(b) relief.

Factor (2), the length of the delay, also weighs against granting the Plan's motion.  The Plan finally responded to the orders at dockets 89 and 90 on April 7, 2017.  This came 53 days after the February 13 deadline to notify the court if the parties were actively engaged in settlement negotiations, 32 days after the March 6 deadline to file the parties' scheduling and planning report, and 2 days after the April 5 deadline to show cause why the case should not be dismissed.  Delays of 53 and 32 days are clearly lengthy delays, and a delay of even two days in responding to an order to show cause is lengthy because it demonstrates disregard for the court's orders.  When counsel disregards court orders, that significantly impacts efficient judicial proceedings.[5]

---

[5] *Pioneer*, 507 U.S. at 395.

The remaining two factors point in the opposite direction. With regard to factor (1), the Plan has already settled with defendant Manogiamanu[6] and defendant Stepovich does not argue that he is prejudiced in his response.[7] Finally, with regard to factor (4), it appears that the Plan's failure to abide by the court's deadlines was a product of "negligence and carelessness, not from deviousness or willfulness."[8] Although the court is loathe to countenance such outright disregard for its orders, it finds on balance that Rule 60(b) relief is warranted here because of the lack of prejudice to the defendants, lack of evidence of bad faith, and the judicial policy that favors judgments on the merits.[9]

## IV. CONCLUSION

For the reasons above, the motion at docket 92 is **GRANTED**. The Clerk will please reopen this case.

DATED this 6th day of June 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[6] Doc. 95.

[7] Doc. 94.

[8] *Bateman*, 231 F.3d at 1225.

[9] *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).